# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MASSACHUSETTS MUTUAL**
**LIFE INSURANCE,**

    **Plaintiff,**

v.                                                          **Civil Action No. 3:05-CV-69**
                                                                **(Judge Bailey)**

**FACTORY MUTUAL INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER DISMISSING "*HAYSEEDS*" CLAIM AND TRANSFERRING VENUE

### I. Introduction

Pending before this Court is Defendant Factory Mutual's Motion to Dismiss, to Strike or for Judgment on the "*Hayseeds*"[1] Claim in Plaintiff Mass Mutual's Amended Complaint [Doc. 98] dated August 10, 2007. This motion seeks to address a conflict of laws issue arising from an alleged breach of property insurance contract involving sprinkler malfunctions at the insured's building in Arlington, Virginia. At issue is whether a West Virginia *Hayseeds* claim may survive a motion to dismiss, to strike, or for a judgment on the pleadings against it, once the appropriate choice of law has been determined. As such,

---

[1] In *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986), the West Virginia Supreme Court of Appeals modified the American rule by allowing a West Virginia insured to receive payment of its attorneys' fees where he substantially prevailed in a suit against his property insurer over a West Virginia property damage claim. The rationale behind the Court's ruling was to reflect the disparity in bargaining power between an insurer and its individual West Virginia policyholder.

this Court finds that this issue shall be treated as a contracts question for purposes of conflict of laws analysis. Accordingly, this issue is to be resolved under conflict of laws principles applicable to contracts.

Also pending before this Court are the parties' memoranda regarding venue [Docs. 59 & 61], which were never ruled upon. The Court now elects to revisit that issue.

## II. Factual and Procedural History

The instant litigation concerns a dispute over an alleged breach of a property insurance contract - between two foreign corporations[2] - relating to sprinkler malfunctions at the insured's building in Arlington, Virginia. In that contract, Policy No. CC759, the parties agreed to "submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all of the requirements necessary to give such court jurisdiction and all matters hereunder shall be determined in accordance with the law and practice of such court, not including the court's law regarding choice of law."

The plaintiff filed this suit in the Northern District of West Virginia on June 23, 2005. On December 13, 2006, Magistrate Judge James E. Seibert requested, *sua sponte*, that the parties submit briefs arguing the suitability of venue in this District. The parties submitted their briefs, but the issue was never ruled upon.

### A. The *Hayseeds* Claim

#### I. Applicable Law

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts

---

[2] Massachusetts Mutual Life Insurance is a Massachusetts corporation with its principal place of business in Springfield, Massachusetts. D.E. 96 ¶ 4. Factory Mutual Insurance Company is a Rhode Island corporation with its principal place of business in Johnston, Rhode Island. D.E. 96 ¶ 5.

which could be proved in support of [the subject] claim." **McNair v. Lend Lease Trucks, Inc.**, 95 F.3d 325, 328 (4th Cir. 1996) (citing **Rogers v. Jefferson-Pilot Life Ins. Co.**, 883 F.2d 324, 325 (4th Cir. 1989). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

West Virginia's "traditional contract conflict rule gives substantial deference to the state where the contract is made and where it is to be performed, assuming both incidents occur in the same state. This rule is subject to two qualifications: (1) that the parties have not made a choice of applicable law in the contract itself; and (2) the law of the other state does not offend our public policy." **Lee v. Saliga**, 179 W.Va. 762, 373 S.E.2d 345 (1988).

Section 196 of the Restatement (Second) of Conflict of Laws contains two similar qualifications: (1) the parties can in the contract exercise a choice of law, and (2) the preference for the law of the place of rendition of the services can be altered to a state that has a more significant relationship to the transaction and the parties.

## II. Discussion

In this case, the parties contracted to a "service of suit" clause rather than a particular choice of law. See **Cannelton Indus., Inc. v. Aetna Cas. & Surety Co. of Am.**, 460 S.E.2d 1, 15-16 (W.Va. 1994). To qualify as a choice-of-law provision, the clause must explicitly identify the specific state whose law is to apply. **Id**. Furthermore, assuming *arguendo*, that one did exist, this Court would still refuse to apply West Virginia law because this case bears no relationship, let alone any significant relationship, to the State.

The contract at issue, Policy No. CC759, contains language nearly identical to that in **Cannelton Indus., Inc.**, in which the West Virginia Supreme Court of Appeals deemed that clause to be a service of suit clause. In this case, Factory Mutual agreed to "submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all of the requirements necessary to give such court jurisdiction and all matters hereunder shall be determined in accordance with the law and practice of such court, not including the court's law regarding choice of law." **Id**. A reading of this provision, like that in **Cannelton**, fails to reveal any specific state whose law is to apply. Accordingly, this provision constitutes a service of suit clause, not a choice of law clause.

Even if the Policy did contain a valid choice of law provision, West Virginia law would not have permitted it to be given effect in this case. "A choice of law provision in a contract will not be given effect when the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or when the application of that law would offend the public policy of this state." **General Elec. Co. v. Keyser**, 166 W.Va. 456, 275 S.E.2d 289 (1981).

The Policy at issue simply bears no substantial relationship to West Virginia. Indeed, a close reading of the facts of this case reveal that no connection exists between West Virginia and either party, the contract, or the insured property. Further, Mass Mutual is not a West Virginia insured, nor is Factory Mutual incorporated in or have its principal place of business in the State. Accordingly, had a valid choice of law provision existed, which this Court has ruled it did not, West Virginia substantive law would still not govern in this case. Therefore, the plaintiff cannot maintain a **Hayseeds** claim, inasmuch as such a claim is a creature of West Virginia substantive law..

## B. Venue

### I. Applicable Law

This Court has previously recognized that it may transfer the venue of this lawsuit *sua sponte* pursuant to 28 U.S.C. § 1404(a); it must not simply rest its determination of venue on the wishes of the plaintiffs. Furthermore, the parties have both had the opportunity to fully brief the issue of venue transfer [Docs. 59 & 60]. Accordingly, such analysis is proper here, and it is now ripe for adjudication.

The United States Supreme Court in **Stewart Organization, Inc. v. Ricoh Corp.**, 487 U.S. 22, 31, 108 S.Ct. 2239 (1988), stated that forum selection clauses "should receive neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Additionally, Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" **Stewart Organization, Inc.**, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 (1988) (quoting **Van Dusen v. Barrack**, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

This Court first recognizes that it *could* maintain jurisdiction over this case pursuant to the service of suit clause in the policy, which provides that the parties "will submit to the jurisdiction of any court of competent jurisdiction . . .." Policy No. CC759. However, pursuant to that language, this case could have been brought in *any* district court across the nation.

It is in this Court's discretion, and in the interest of justice, to transfer this case to a more appropriate and more convenient venue. And considering the broad nature of the service of suit clause contained within the Policy, in which the parties agreed to submit to "any court of competent jurisdiction," this Court acknowledges that the parties will neither be unduly burdened by such a transfer, nor could they deny that this Court's action was never anticipated.

In considering a transfer of venue, a district court may specifically consider factors such as:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

***Charleston West 76 Auto/Truckstop, Inc. v. National Auto/Truckstops***, 1997 WL 528491, at 9 n. 12 (N.D.W.Va.) (citing ***P.M. Enterprises v. Color Works, Inc.***, 946 F.Supp. 435, 440 (S.D.W.Va. 1996)).

The Fourth Circuit has expressly recognized and applied this type of balancing analysis in a § 1404(a) forum selection clause case. *See* ***Brock v. Entre Computer Centers, Inc.***, 933 F.2d 1253, 1257-58 (4th Cir. 1991). Simply put, this Court should seek to consider "all other practical problems that make trial of a case easy, expeditious, and inexpensive." ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 508, 67 S.Ct. 839, L.Ed. 1055 (1947).

## II. Discussion

In the present matter, the convenience of the parties, witnesses, associated costs,

the possibility of a view, and the interests of justice all favor a transfer of venue to the Alexandria Division of the United States District Court for the Eastern District of Virginia. This Court is fully satisfied that no connection exists between this litigation and the Northern District of West Virginia, or the State of West Virginia for that matter, except that this case was filed in this District pursuant to a general service of suit provision contained in the Policy.

Conceding that plaintiff's initial choice of forum must be given some consideration, it should be noted that the only connection that this case has with the Northern District of West Virginia is a non-specific service of suit clause. This service of suit provision, which is commonly found in insurance policies[3], carries little weight under these circumstances. And the weight to be given the consideration of the plaintiff's initial choice of forum is much less where none of the conduct complained of occurred in the forum selected by the plaintiff. **Mims v. Proctor & Gamble Distributing Co.**, 257 F.Supp. 648, D.C.S.C. (1996).

As Factory Mutual notes, neither of the parties are West Virginia corporations, the building with the alleged damages is not located in the State, nor are any of the properties covered by the Policy, and no witnesses reside in West Virginia. Additionally, Mass Mutual has not shown that litigation in Virginia, rather than West Virginia, will impose upon it a serious burden. Likewise, Mass Mutual has not shown that West Virginia will serve as a particularly convenient site with regard to its production of evidence or presentation of witnesses. Furthermore, neither the fact that the plaintiff may be required to hire additional attorneys in the transferee forum, nor that the plaintiff's trial counsel might be inconvenienced by the transfer to another district should be given any weight. **Gulf Oil**

---

[3] *See* Plaintiff's Memorandum in Support of Venue in the Northern District of West Virginia, FN 1 [Doc. 61].

***Corp. v. Gilbert***, 330 U.S. 501, 508-09.

Next, by transferring the venue of this action to Virginia, where the cause of action arose, the Court can accommodate "public interest factors" as well. For example, transfer would ease unnecessary problems in conflicts of laws and in law foreign to this jurisdiction. "There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." ***Gulf Oil Corp.***, 330 U.S. 501, 509. Other public considerations that transfer would alleviate include: court congestion, the unfairness of burdening citizens in an unrelated forum with jury duty, and the interest in having localized controversies decided at home. *Id*. at 508-09.

Simply put, in this case there is no controverted question which depends on any event occurring in the Northern District of West Virginia. As this Court sees it, the only potential benefit that could have come to the plaintiff was counsel's ultimately unsuccessful attempt to apply West Virginia law in hopes of recouping attorneys' fees under ***Hayseeds***.

In the end, as stated in ***Brown v. Woodring***, 174 F.Supp. 640 (M.D.Pa. 1959), "the ultimate inquiry is . . . to find that forum in which inconveniences of all parties and witnesses may be at an irreducible minimum." That forum is clearly the Eastern District of Virginia.

### III. Conclusion

For the foregoing reasons, Defendant Factory Mutual's Motion to Dismiss the "***Hayseeds***" Claim in Plaintiff Mass Mutual's Amended Complaint [Doc. 98] is hereby **GRANTED**. Additionally, fairness and justice directs the Court to **TRANSFER** this civil action to the Alexandria Division of the United States District Court for the Eastern District of Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this **ORDER** to all counsel of record herein.

**DATED:** November 2, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE